1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

MICHAEL SAXON,

          Petitioner,

   v.

WARDEN, F.C.I. MENDOTA,

          Respondent.

No.  1:23-cv-01110-SKO (HC)

ORDER DIRECTING RESPONDENT TO PROVIDE DOCUMENTS

[14-DAY DEADLINE]

17

18

19

20

      Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On July 25, 2023, Petitioner filed the instant habeas petition.  On October 30, 2023, Respondent filed a motion to dismiss the petition.  The Court has reviewed the pleadings and finds that additional documentation is necessary.

21

22

23

24

25

26

27

28

      It is Petitioner's contention that the Bureau of Prisons ("BOP") is excluding him from the application of First Step Act credits against his sentence solely because he has an immigration detainer lodged against him.  Respondent counters that Petitioner is subject to a final order of removal and therefore ineligible under statute for application of First Step Act credits. See 18 U.S.C. § 3632(d)(4)(E).  Petitioner alleges that the BOP is using a document as proof of a final order of removal, but the document contains false information and that he is only subject to a detainer.  Petitioner claims that the BOP is representing that he is subject to a final order of removal where no formal final order of removal has been issued.

1

1   The Court has reviewed the documents lodged by Respondent, and in particular,

2   Respondent's citation to the records purportedly indicating Petitioner is subject to a final order of

3   removal. (Doc. 11 at 2, citing Appendix at 2-3, 8.)  The first reference is to the Declaration of

4   Jennifer Vickers wherein she states that a copy of Sentry documentation reflects the existence of a

5   final order of removal against Petitioner.  (Doc. 11-1 at 3.) The second reference is to a copy of

6   those Sentry documents, specifically, a printout entitled "Sentencing Monitoring Display

7   Detainers." (Doc. 11-1 at 8.)  The document indicates that a detainer was lodged on March 27,

8   2023.  Under "Charge/Remarks" for this detainer, the form indicates "a final order of removal."

9   From this information alone, however, the Court cannot verify that Petitioner is actually subject

10  to a final order of removal.  A copy of the actual final order of removal is necessary.

11                                          **ORDER**

12      Accordingly, IT IS HEREBY ORDERED that Respondent shall file a copy of the final

13  order of removal within fourteen (14) days of the date of service of this Order.

14

15  IT IS SO ORDERED.

16  Dated:   **December 6, 2023**                    /s/ *Sheila K. Oberto*

17                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28